IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| NEBRASKA COURT OF APPEALS | ) | |
| AND SUPREME COURT JUSTICES, | ) | |
| all, and STATE OF NEBRASKA, The, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  INITIAL REVIEW OF COMPLAINT

This case is before the Court for preservice screening of Plaintiff Samar Akins's Complaint (Filing No. 1) under the provisions of 28 U.S.C. § 1915.  The Court must determine whether Akins should be granted in forma pauperis ("IFP") status.  In addition to this case, in the last 10 months, Akins has filed the following cases and sought leave to proceed IFP:

1.  *Akins v. United States of America*, *et al.*, 4:14-cv-03026-JMG-PRSE (filed 01/28/14 and dismissed 05/22/14 as frivolous and for failure to state a claim);

2.  *Akins v. Jeffries*, *et al.*, 4:14-cv-03034-RGK-PRSE (filed 02/06/14 and dismissed 07/30/14 for failure to state a claim);

3.  *Akins v. Judge Strong*, *et al.*, 4:14-cv-03061-RGK-PRSE (filed 03/24/14 and dismissed 09/03/14 for want of prosecution);

4.  *Akins v. Officer Schreiner*, *et al.*, 4:14-cv-03081-RGK-PRSE (filed 04/18/14 and dismissed 09/03/14 for want of prosecution);

5.  *Akins v. Bruning*, *et al.*, 4:14-cv-03092-JFB-PRSE (filed 05/05/14 and dismissed 10/07/14 for want of prosecution);

6.  *Akins v. Albers*, *et al.*, 4:14-cv-03150-JMG-PRSE (filed 07/29/14);

7.     *Akins v. Officer Firell, et al.*, 4:14-cv-03151-RGK-PRSE (filed 07/29/14 and dismissed 10/27/14 for failure to state a claim);

8.     *Akins v. Wilson, et al.*, 4:14-cv-03153-RGK-PRSE (filed 07/30/14);

9.     *Akins v. Martinez, et al.*, 4:14-cv-03204-JMG-PRSE (filed 10/08/14);

10.    *Akins v. Kopf, et al.*, 4:14-cv-03217-JFB-PRSE (filed 11/05/14 and dismissed 11/07/14 on grounds it sought relief against a defendant immune from suit ); and

11.    *Akins v. State of Nebraska*, 4:14-cv-03216-RGK-PRSE (filed 11/04/14).

Seven of these cases were dismissed prior to service of process because they were frivolous, they failed to state a claim upon which relief may be granted, or because Plaintiff failed to prosecute them. As discussed below, this case will also be dismissed prior to service of process because it fails to state a claim upon which relief may be granted. Four cases remain pending.

Here, the Court finds upon initial review of Akins's Complaint, that Akins's claims should be dismissed because they fail to state a claim upon which relief may be granted. Akins sued the State of Nebraska, the Nebraska Court of Appeals, and all justices of the Nebraska Supreme Court for money damages. (*See* Filing No. 1.) He alleges Defendants violated his human rights and Eighth Amendment rights because they systematically exclude African Americans from sitting on the Nebraska Court of Appeals and Nebraska Supreme Court. Akins alleges the exclusion of African Americans from these courts resulted in their "arbitrarily and capriciously denying [his] direct appeal as a matter of right and petition for further review by the Supreme Court in Michael Akins OBO v. Samar Akins, without adjudicating the merits." (Filing No. 1 at CM/ECF pp. 1-2.)

2

Here, Akins has sued the State of Nebraska for money damages. As Akins is aware (*see e.g.*, Case Nos. 4:14-cv-03092-JFB-PRSE and 4:14-cv-03034- RGK-PRSE), the Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). In addition, as Akins is aware (*see, e.g.*, Case No. 4:14-cv-3061-RGK-PRSE), judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Moreover, as he has done in nearly every other case he has filed in this Court, Akins failed to set forth any factual allegations to support his blanket assertions that he has been discriminated against on the basis of his race. Akins's Complaint (Filing No. 1) is therefore subject to dismissal because it fails to state a claim upon which relief may be granted.

## II. ORDER TO SHOW CAUSE

Akins has a right to access the courts. However, his right of access cannot be unlimited in the face of abuse. As set forth by the Eighth Circuit Court of Appeals:

> The Court has authority to control and manage matters pending before it. . . . The need for such control bears noting. First, Rule 1 of the Federal Rules of Civil Procedure provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Three fundamental goals underlie this mandate; maintaining the quality of justice, avoiding delay, and improving the efficiency of dispute resolution. In order to secure these values, we must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

> The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources. As caseloads increase, courts have less time to devote to each case. A lack of adequate time for reflection threatens the quality of justice. . . . Abusive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.
>
> Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D.Colo. 1986)) (internal citations omitted).

The Court finds imposing filing restrictions on Akins in this Court is warranted to protect the Court from "unnecessary burdens on, and the useless consumption of, court resources." *See id.* Akins is ordered to show cause within 21 days from the date of this order why this Court should not impose the following filing restrictions[1]:

1. Akins will be limited to filing one case in forma pauperis in the federal district court for the District of Nebraska per month.

2. Akins will be enjoined from filing any lawsuit in the federal district court for the District of Nebraska unless he: attaches a copy of this order to his complaint, and he

---

[1] These restrictions would not prohibit Akins from proceeding as a proponent in any civil claim in this district with the representation of an attorney. In addition, these restrictions would not prohibit Akins from defending himself in any criminal or civil litigation brought against him in this district.

attaches an affirmation, signed by him, of the date of his most recent prior filing of a new case in this district.

IT IS ORDERED:

1. Akins's Motion for Leave to Proceed IFP (Filing No. 2) is denied;

2. Akins's Complaint is dismissed for failure to state a claim upon which relief may be granted; and

3. Akins is ordered to show cause within 21 days from the date of this order why this Court should not impose the filing restrictions listed above.

DATED this 10th day of November, 2014.

> BY THE COURT:
>
> s/Laurie Smith Camp
> Chief United States District Judge